# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DR. LYDIE HAZAN,

     Plaintiff,

v.

LAS VEGAS METROPOLITAN
POLICE DEPARTMENT, a Political
Subdivision of the STATE OF
NEVADA; Police Officer
OLIVER(LVMPD #4540) individually
and as a Police Officer; employed by
the LAS VEGAS METROPOLITAN
POLICE DEPARTMENT; POLICE
OFFICER JOHN DOES I-XX; and
JOHN DOES I-XX, inclusive,

     Defendants.

Case No. 2:12-cv-00917-LDG (PAL)

**ORDER**

     Plaintiff Dr. Lydie Hazan brought the instant action pursuant to 42 U.S.C. § 1983 and supplemental state law claims against Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Officer Ernest Oliver, individually and as a Police Officer employed by LVMPD. Defendants moved for summary judgment (#23), and then filed an amended motion for summary judgment (#29) asserting qualified immunity and lack of evidence. Plaintiff moves for summary judgment (#34). For the following reasons, the Court

grants Defendant's amended summary judgment motion (#29) on all counts and denies Plaintiff's summary judgment motion (#34) on all counts.

The Court also notes that the plaintiff filed pro se requests (## 48, 49) for additional time to obtain new counsel.  New counsel subsequently appeared on behalf of plaintiff. The Court will deny the requests as moot.

## Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law.  Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim.  *Anderson,* 477 U.S. at 248.  The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Id.*  "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  As such, when the non-moving party bears the initial burden of proving, at trial, the

2

1  claim or defense that the motion for summary judgment places in issue, the moving party

2  can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the

3  district court–that there is an absence of evidence to support the nonmoving party's case."

4  *Celotex*, 477 U.S. at 325.  Conversely, when the burden of proof at trial rests on the party

5  moving for summary judgment, then in moving for summary judgment the party must

6  establish each element of its case.

7       Once the moving party meets its initial burden on summary judgment, the non-

8  moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro.

9  56(e).  As summary judgment allows a court "to isolate and dispose of factually

10  unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the

11  evidence before it "in the light most favorable to the opposing party."  *Adickes v. S. H.*

12  *Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however,

13  will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co.*

14  *v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

15                                    **Analysis**

16       The Defendants' summary judgment motion (#23) and amended summary judgment

17  motion (#29) request judgment on Plaintiff's eight claims. The Court finds that the

18  Defendants can adequately show "an absence of evidence to support the nonmoving

19  party's case." *Celotex*, 477 U.S. at 325. The Court also finds that the Plaintiff did not

20  provide facts sufficient to show a genuine issue of material fact as to each claim.

21  Therefore, the Court grants summary judgment (#29) for the Defendants on all claims.

22  Plaintiff's summary judgment motion (#34) is moot, and therefore, denied.

23  **I. Claims Against Officer Oliver**

24       The Plaintiff raises six claims against Officer Oliver, namely, 42 U.S.C. § 1983

25  violations of her 4th and 14th amendment rights; battery; intentional infliction of emotional

26  distress; negligent infliction of emotional distress; and false arrest and false imprisonment.

A. 42 U.S.C. § 1983 - Individual Claims

The Plaintiff asserts a 42 U.S.C. § 1983 claim for violations of Dr. Hazan's 4th and 14th amendment rights for unlawful arrest and excessive force. A § 1983 claim for unlawful arrest and excessive force is properly analyzed under an "objective reasonableness" standard under the 4th amendment, rather than the substantive due process standard under the 14th amendment. *Graham v. Connor*, 490 U.S. 386, 387 (1989). Furthermore, a § 1983 claim against an individual requires proving an official, acting personally under color of state law, caused a deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (*quoting Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

However, liability will only attach in an individual capacity suit if the plaintiff pierces the officer's qualified immunity. *See Anderson v. Creighton*, 483 U.S. 637, 638 (1987). If an officer makes a reasonable mistake as to what the law requires, the officer is entitled to immunity. *See Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). Because qualified immunity is an affirmative defense from suit, not merely from liability, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Doe v. Petaluma City School Dist.*, 54 F.3d 1447, 1450 (9th Cir. 1995) (*quoting Mitchell v. Forsyth*, 472 U.S. 511, 526, (1985))*. Additionally, Plaintiff has the burden of demonstrating the officer's conduct violated well established law. *Doe v. Petaluma City School Dist.*, 54 F.3d 1447, 1450 (9th Cir. 1995). Police officers are immune from suit if probable cause existed for an arrest. Probable cause is satisfied when, at the time of the seizure, the facts and circumstances within the officers' knowledge and of which they have reasonably trustworthy information

1  are sufficient to warrant a prudent person to believe that the suspect had committed or was
2  committing an offense. *See Beck v. Ohio*, 379 U.S. 89 (1964).

3         The inquiry into whether Officer Oliver violated §1983 requires the Court to
4  determine if the Defendant provided evidence sufficient to raise a genuine issue of material
5  fact as to whether Officer Oliver had probable cause to arrest the Plaintiff. In the absence of
6  probable cause, the Plaintiff would have a clearly established right to be free from arrest
7  under her 4th amendment rights. *See generally Morgan v. Woessner*, 997 F.2d 1244 (9th
8  Cir. 1993). Conversely, if the Plaintiff fails to demonstrate Officer Oliver's conduct violated
9  well established law, the Court must find that Officer Oliver is entitled to qualified immunity.

10        Plaintiff alleges in her reply to Defendant's summary judgment motion (#32) and
11  summary judgment motion (#34) that her conduct in the airport was not in violation of Clark
12  County Code 20.04.070(a). (Clark County Code 20.04.070(a) states no person shall use
13  abusive, insulting, obscene, loud, boisterous or indecent language, obstruct or render
14  dangerous any drive, path, walk or public place upon the airport.) However, Plaintiff's
15  testimony contradicts the assertion that she was not in violation of Code 20.04.070(a).
16  Plaintiff admits to being "loud" and "frustrated" amidst a crowd gathered in front of a service
17  desk at the airport. (Ex. A, p. 24, 9-12).

18        Additionally, the testimonies of Officer Oliver, Donna Hall (a Delta Global Services
19  representative), Arlene Avanzado (a Spirit Airlines Customer Service Supervisor), and
20  Jennifer Gordon provide evidence of probable cause sufficient to cause Officer Oliver to
21  arrest the Plaintiff. Plaintiff continued to act in a loud and boisterous manner despite
22  multiple warnings from Officer Oliver. (Ex. B, p. 23, 3-23). Officer Oliver stated that the
23  conduct of the Plaintiff was sufficient probable cause to arrest her. (Ex. B, p. 60-62). Ms.
24  Hall corroborated Officer Oliver's testimony, stating the Plaintiff used profanity (Ex. D, p. 20-
25  21) and that her volume level was between an eight and a ten on a scale from one-to-ten.
26  *Id.* Ms. Avanzado provided similar testimony regarding Plaintiff's conduct. (Ex. E, p. 38)

5

1    (stating Plaintiff failed to comply with requests to lower her voice). Ms. Gordon witnessed

2    the incident and stated that the Plaintiff was noticeably loud for a period of over ten

3    minutes, despite warnings to adjust her behavior by the officers . (Ex. F, p. 18-21). The

4    testimony of the witnesses provides the Court with ample evidence indicating Officer Oliver

5    had probable cause to arrest the Plaintiff.

6         The testimonies of Officer Oliver and additional witnesses provide a basis for this

7    Court to determine that Officer Oliver had probable cause to arrest the Plaintiff. The Court

8    finds Officer Oliver's probable cause to arrest the Plaintiff grants him immunity from suit.

9    Therefore, the Court will not consider the § 1983 claim against Officer Oliver. Additionally,

10   the Court will not consider the Plaintiff's summary judgment motion regarding this claim

11   because it is moot. The Court grants summary judgment for the Defendants on the § 1983

12   claim for unlawful arrest and excessive force.

13        B. Battery

14        The Plaintiff alleges battery against Officer Oliver, stating that Officer Oliver used

15   more force than necessary while arresting the Plaintiff. The Plaintiff's allegation is based on

16   Officer Oliver tapping the Plaintiff to announce his presence, grabbing and twisting her arm

17   while handcuffing her, and pushing her against the podium. The Defendant contests the

18   battery claim as lacking evidence and subsumed by the § 1983 claim against Officer Oliver.

19        A battery occurs where a defendant makes an intentional, *unlawful*, and harmful

20   contact with a plaintiff. *Ashcraft v. King*, 228 Cal.App.3d 604, 278 Cal.Rptr.900 (1991)

21   (*emphasis added*). However, police officers are allowed to use force which appears

22   reasonably necessary, when viewed in the totality of the circumstances. *Ramirez v. City of*

23   *Reno*, 925 F. Supp. 681, 690 (D. Nev. 1996) (citing *Graham*, 490 U.S. 386 (1989); *Scott v.*

24   *Heinrich*, 39 F.3d 912, 914 (9th Cir. 1994)). However, when police officers use more force

25   than is necessary, they are liable for battery. *Id.* This reasonableness requirement "must

26   embody allowance for the fact that police officers are often forced to make split-second

6

1  judgments — in circumstances that are tense, uncertain, and rapidly evolving – about the

2  amount of force that is necessary in a particular situation." *Graham*, 490 U.S. 386 (1989).

3        The Court previously determined that the Plaintiff did not supply sufficient evidence

4  to pierce Officer Oliver's qualified immunity. The Court's determination indicates that Officer

5  Oliver exercised proper discretion while arresting the Plaintiff, and did not act in an unlawful

6  manner. Therefore, the Court grants summary judgment for the Defendants on the battery

7  claim.

8        C. Intentional Infliction of Emotional Distress

9        The Plaintiff alleges intentional infliction of emotional distress against Officer Oliver

10  for his actions while arresting the Plaintiff.

11        Under Nevada law, the elements of this cause of action are (1) extreme and

12  outrageous conduct with either the intention of, or reckless disregard for, causing emotional

13  distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3)

14  actual or proximate causation. *Star v. Rebello*, 97 Nev. 124, 625 P.2d 90, 91-2 (Nev. 1981).

15        The Court's determination of Officer Oliver's probable cause to arrest the Plaintiff,

16  and subsequent qualified immunity, leads the Court to find that Officer Oliver's conduct was

17  not "extreme and outrageous" under the circumstances. Therefore, the Court grants

18  summary judgment for the Defendants on the intentional infliction of emotional distress

19  claim.

20        D. Negligent Infliction of Emotional Distress

21        The Plaintiff alleges negligent infliction of emotional distress against Officer Oliver for

22  his actions while arresting the Plaintiff.

23        Nevada law immunizes defendants from a lawsuit for injuries "[b]ased upon the

24  exercise or performance or the failure to exercise or perform a discretionary function or duty

25  on the part of the state or any of its agencies or political subdivisions or any officer or

26  employee of any of these, whether or not the discretion involved is abused." N.R.S.

7

1    41.032(2). This immunity attaches when there is probable cause for an arrest. The Nevada

2    Supreme Court has recognized that the decision to make an arrest is a discretionary

3    function under N.R.S. 41.032. *Coty v. Washoe County*, 108 Nev. 757, 839 P.2d 97 (1992).

4         Therefore, the Court finds that Officer Oliver is immune from a cause of action for

5    negligent infliction of emotional distress, and grants summary judgment for the Defendant

6    on the negligent infliction of emotional distress claim.

7              E. False Arrest and False Imprisonment

8         Having determined that the Plaintiff failed to show an absence of probable cause for

9    arrest, the Court grants summary judgment for the Defendants on the false arrest and false

10   imprisonment claim.

11   **II. Claims against LVMPD**

12        Plaintiff raises three claims against LVMPD, namely, a § 1983 municipal liability

13   claim; negligent hiring, retention, training, and supervision; and *respondeat superior*.

14             A. 42 U.S.C. § 1983 - Municipal Liability

15        To state a claim under § 1983 for municipal liability, a plaintiff must allege a

16   constitutional tort was inflicted in the execution of the entity's policy or custom. *Monell v.*

17   *Dept. of Soc. Servs*, 436 U.S. 658, 690-91, (1978). A plaintiff may establish § 1983

18   municipal liability by "prov[ing] that a city employee committed the alleged constitutional

19   violation pursuant to a formal governmental policy or a 'longstanding practice or custom

20   which constitutes the "standard operating procedure" of a local governmental entity.'"

21   *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (citing *Jett v. Dallas Indep. Sch.*

22   *Dist.*, 491 U.S. 701, 737 (1989). These requirements are established only with "significant

23   evidence" to show that a policy existed specifically authorizing or condoning the alleged

24   practice. *See Davis . City of Ellensburg*, 869 F.2d 1230, 1234 (9th Cir. 1989).

25        Plaintiff alleges that LVMPD has a formal unconstitutional policy to arrest citizens for

26   making "loud and tumultuous noises" in violation of "airport rules". (# 34). The question

1  before the Court is whether Clark County Code 20.04.070(a) is unconstitutional, and if so,

2  whether LVMPD has a formal policy or custom to arrest citizens under this municipal law.

3  However, the Plaintiff fails to provide any substantial evidence of a formal practice or policy

4  condoning a practice to violate the constitutional rights of citizens.

5      For this reason, the Court grants summary judgment for the Defendants on the 42

6  U.S.C. § 1983 claim for municipal liability.

7          B. Negligent Hiring, Retention, Training & Supervision

8      The Plaintiff alleges negligent hiring, training, retention, and supervision against the

9  Defendant, LVMPD.

10     Nevada law provides discretionary immunity for negligence claims regarding hiring,

11 retention, training, and supervision. *Martinez v. Maruszczak*, 123 Nev. 433, 168 P.3d 720

12 (2007); *Butler ex rel. Biller v. Bayer*, 123 Nev. 450, 168 P.3d 1055 (2007) (adopting the

13 federal standard for discretionary immunity in *Berkovitz v. United States*, 486 U.S. 531

14 (1988)).

15     LVMPD's hiring and training practices are discretionary functions. In reviewing the

16 submitted materials regarding said practices, the Court finds no indication of negligence,

17 and the Plaintiff does not provide any evidence to indicate negligence on behalf of

18 LVMPD's hiring, retention, training, and supervision policies. (Ex. I).

19     Therefore, the Court grants summary judgment for the Defendants on the negligent

20 hiring, retention, training, and supervision claim.

21          C. Respondeat Superior

22     Due to the immunity provided Officer Oliver in the commission of his duties, the

23 Court finds that LVMPD cannot be held liable for causes of action that hold no merit. For

24 this reason, the Court grants summary judgment for the Defendants on the *respondeat*

25 *superior* claim.

26     Accordingly,

9

1    THE COURT **ORDERS** that the Defendants' Motion for Summary Judgment (##23,

2  29) is GRANTED;

3    THE COURT FURTHER **ORDERS** that the Plaintiff's Motion for Partial Summary

4  Judgment (#34) is DENIED.

5    THE COURT FURTHER **ORDERS** that the Plaintiff's Requests for Additional Time

6  (## 48, 49) are DENIED as moot.

7

8  DATED this _____ day of September, 2014.

9                                                    _____

10                                                   Lloyd D. George
                                                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26